UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANDRE D. LUNDY, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 6: 011-7168-DCR |
| | ) | Criminal Action No. 6: 08-02-DCR |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent/Plaintiff. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Petitioner/Defendant Andre D. Lundy's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 97]  Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wier filed his Report and Recommendation on February 27, 2012. [Record No. 108]  Based on his review of the record and the applicable law governing the motion, the Magistrate Judge recommended that Lundy's motion be denied.  Neither Lundy nor the United States has filed timely objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

-1-

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

Lundy alleged that his attorney provided ineffective assistance by: (1) recommending that he be truthful during plea negotiations; (2) failing to object to the Court's calculations regarding relevant conduct; and (3) failing to inform him of the effect of relevant conduct, his potential career offender status, and the resulting sentencing effects. As the Magistrate Judge correctly noted, the grounds raised by Lundy do not support habeas relief. First, Lundy's "honesty during plea negotiations did not resulted in a greater guideline range of imprisonment or ultimate sentence. Instead, information concerning the drug quantity attributed to Lundy was provided by Lundy following his arrest. It was not dependent upon statements made during plea negotiations with the United States. Further, Lundy has not indicated how he would have faired differently had he not engaged in plea negotiations in an honest fashion.

Regarding Lundy's second claim of ineffective assistance of counsel, the Magistrate Judge noted that, contrary to the defendant's claim, his attorney filed written objections and argued against inclusion of the total pill count outlined in the Presentence Investigation Report. However, he was unsuccessful regarding that objection. Next, the Magistrate Judge fully considered and correctly rejected Lundy's argument that his attorney was ineffective for failing to advise him of his potential status as a career offender and the effect of relevant conduct under

-2-

the United States Sentencing Guidelines.  Additionally, the Magistrate Judge considered – and properly rejected – Lundy's remaining claims not raised on direct appeal to the United States Court of Appeals for the Sixth Circuit.  As Magistrate Judge Wier noted in his Recommended Disposition, "a § 2255 motion cannot substitute for direct appeal." (citations omitted) [Record No. 108]  Here, the record clearly demonstrates that Lundy entered a knowing and voluntary guilty plea during which he admitted his guilt to the crime charged.  The transcript of the plea hearing demonstrates that all terms and conditions of the guilty plea were discussed and that the defendant was fully aware that his precise guideline range could not be determined until the time of the sentencing hearing.

Finally, the Court agrees that a Certificate of Appealability should not be issued in this matter.  Lundy has not shown that reasonable jurists would disagree with the Magistrate Judge's and this Court's assessment of the constitutional claims or find that they are debatable or wrong.  And with respect to issues of procedural default, Lundy has not demonstrated that "jurists or reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists or reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 108] is **ADOPTED** and **INCORPORATED** by reference;

2.     The Petitioner/Defendant's motion [Record No. 97] is **DENIED** and his claims are **DISMISSED** with prejudice;

3.     A Certificate of Appealability shall not issue because the Petitioner/Defendant has not made a substantial showing of the denial of any substantive constitutional right;

4.     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent/Plaintiff.

This 19th day of March, 2012.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

-4-